**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-30085 |
| Plaintiff - Appellee, | D.C. No. 2:14-cr-00007-RSL |
| v. | |
| DAVID STEVEN ROSS, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Submitted November 18, 2015**

Before:  TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

David Steven Ross appeals from the district court's judgment and challenges

the 120-month sentence imposed following his guilty-plea conviction for

conspiracy to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) and

(b)(1)(D); possession of a firearm in furtherance of drug trafficking, in violation of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

18 U.S.C. § 924(c)(1)(A)(i); and unlawful possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Ross contends that the district court procedurally erred by improperly considering and commenting upon his race and the race of the individual who Ross shot and killed during the course of the offense. This claim fails. Notwithstanding the district court's passing references to the races of the parties in discussing the circumstances of the offense, the record reflects that race played no role in the court's sentencing decision. Rather, the court properly based the sentence on the 18 U.S.C. § 3553(a) sentencing factors, and thoroughly explained its reasons for the sentence. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

Ross next contends that the sentence is substantively unreasonable because it created an unwarranted sentencing disparity with his co-defendant under 18 U.S.C. § 3553(a)(6). Because Ross and his co-defendant are not similarly situated, this argument is unpersuasive. *See United States v. Treadwell*, 593 F.3d 990, 1011-12 (9th Cir. 2010). Moreover, the above-Guidelines sentence is substantively reasonable in light of the section 3553(a) sentencing factors and the totality of the

15-30085

circumstances, including the nature of the offense. *See Gall v. United States*, 552

U.S. 38, 51 (2007).

**AFFIRMED.**